QUESTION: Is the governing body of the City of Anna Maria required pursuant to s. 166.241(3), F.S., to make appropriations for each fiscal year by ordinance rather than resolution or motion?
SUMMARY: Pursuant to s. 166.241(3), F.S., the governing body of the City of Anna Maria must make appropriations for each fiscal year by ordinance and not by resolution or motion. Section166.241(3), F.S., of the Municipal Home Rule Powers Act, provides that (3) The governing body of each municipality shall make appropriations for each fiscal year which, in any one year, shall not exceed the amount to be received from taxation or other revenue sources. It shall be unlawful for any officer of a municipal government to draw money from the treasury except in pursuance of appropriation made by law. The plain meaning of this provision would appear to require that, before a municipal officer can make an expenditure of municipal funds for a particular municipal purpose, an appropriation must have been made therefor. You inquire as to whether the further statutory restriction that such appropriation be made "by law" would require, in addition, that appropriations made by the city's governing body for each fiscal year be made by ordinance rather than resolution or motion. In this regard, s. 166.041(1)(a), F.S., defines an "ordinance" as an "official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." (Emphasis supplied.) "Resolution" is defined in s. 166.041(1)(b), id., as, generally, a legislative action of an administrative or temporary nature. In an analogous situation, this office previously construed Art. VII, s. 1(c), State Const., which provides that "[n]o money be drawn from the [state] treasury except in pursuance of appropriation made by law," to mean that money can be appropriated by the legislature only by means of a bill by it enacted into law with the formalities prescribed by the constitution for enacting bills into law as distinguished from resolutions. Attorney General Opinion 057-150 and authorities cited therein. Likewise, with respect to the instant inquiry, I am of the opinion that appropriations made for each fiscal year by the governing body of a municipality must be made by enacting an ordinance with the formalities prescribed in s. 166.041, F.S., and cannot be made by resolution or motion. (It might be noted that this requirement that appropriations be made by ordinance does not prohibit the governing body of a municipality from authorizing by resolution or motion the expenditure of municipal funds properly budgeted and appropriated.) For other statutory provisions relating to the financial management of municipalities, see Part III, Ch. 218, F.S., the Uniform Local Government Financial Management and Reporting Act.